David J. McGlothlin, Esq. (SBN 026059)
david@southwestlitigation.com
**Hyde & Swigart**
2633 E. Indian School Road, Ste. 460
Phoenix, AZ 85016
Telephone: (602) 265-3332
Facsimile:  (602) 230-4482

Ryan L. McBride, Esq. (SBN 032001)
ryan@kazlg.com
**Kazerouni Law Group, APC**
2633 E. Indian School Road, Ste. 460
Phoenix, AZ 85016
Telephone: (800) 400-6808
Facsimile:  (800) 520-5523

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| **Carol A. Fadale,** | Case No.: |
| Plaintiff, | **COMPLAINT FOR DAMAGES PURSUANT TO THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681, ET SEQ.** |
| v. | |
| **Experian Information Solutions, Inc., Arizona Federal Credit Union, Citibank, N.A., and Synchrony Bank,** | **JURY TRIAL DEMANDED** |
| Defendants. | |

## INTRODUCTION

1. The United States Congress has found the banking system is dependent upon fair and accurate credit reporting.  Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods

undermine the public confidence, which is essential to the continued functioning of the banking system. Congress enacted the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), to insure fair and accurate reporting, promote efficiency in the banking system, and protect consumer privacy.  The FCRA seeks to ensure consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers.  The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

2. CAROL A. FADALE ("Plaintiff"), by Plaintiff's attorneys, brings this action to challenge the actions of EXPERIAN INFORMATION SERVICES, LLC ("Experian"), ARIZONA FEDERAL CREDIT UNION ("AFCU"), CITIBANK, N.A. ("Citibank"), and SYNCHRONY BANK ("Synchrony") (or jointly as "Defendants") with regard to erroneous reports of derogatory and negative credit information made by Defendants to national reporting agencies, and for failure of Defendants to properly investigate, and this conduct caused Plaintiff damages.

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

5. Unless otherwise stated, all the conduct engaged in by Defendants took place in Arizona.

6. Any violations by Defendants were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

7. Unless otherwise indicated, the use of Defendants' name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendants' named.

## JURISDICTION AND VENUE

8. This Court has federal question jurisdiction because this case arises out of violation of federal law. 15 U.S.C. §1681 *et seq.*; 28 U.S.C. §1331; Jurisdiction arises for Plaintiff's supplemental state claims under 28 U.S.C. § 1367.

9. This action arises out of Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681(x) ("FCRA").

10. Venue is proper in the United States District Court for the District of Arizona pursuant to 28 U.S.C. § 1391(b) because Plaintiff is a resident of Maricopa County, the State of Arizona and Defendants are subject to personal jurisdiction in the County of Maricopa, State of Arizona as they conduct business there, and the conduct giving rise to this action occurred in Arizona. 28 U.S.C. § 1391(b)(2).

## PARTIES

11. Plaintiff is a natural person residing in the County of Maricopa, State of Arizona. In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

12. Defendant Experian is a corporation doing business in the State of Arizona.

13. Defendant AFCU is a credit union doing business in the State of Arizona.

14. Defendant Citibank is a bank doing business in the State of Arizona.

15. Defendant Synchrony is a bank doing business in the State of Arizona.

16. Defendants AFCU, Citibank, and Synchrony are furnishers of information as contemplated by 15 U.S.C. § 1681s-2(b) that regularly and in the ordinary

course of business furnish information to a consumer credit reporting agency.

17. Defendant Experian is a national credit reporting agency, doing business in Arizona, with a principal place of business in Ohio.

## GENERAL ALLEGATIONS

18. At all times relevant, Plaintiff was an individual residing within the State of Arizona.

19. At all times relevant, Defendants conducted business in the State of Arizona.

20. On or about August 17, 2012, Plaintiff filed for Bankruptcy in the United States Bankruptcy Court for the District of Arizona. Plaintiff's case was assigned Case Number 2:12-bk-18542-SSC (the "Bankruptcy").

21. The obligations ("Debt") to each defendant were scheduled in the Bankruptcy and Defendants, the Creditors, received notice of the Bankruptcy.

22. On or about January 10, 2013, Plaintiff received a Bankruptcy discharge.

23. None of the Defendants filed any proceedings to declare their Debt "non dischargeable" pursuant to 11 U.S.C. § 523 *et seq*.

24. Defendants also did not request relief from the "automatic stay" codified at 11 U.S.C. §362 *et seq.* while the Plaintiff's Bankruptcy was pending to pursue the Plaintiff on any *personal* liability for any of the underlying Debts.

25. Accordingly, the Debt to each defendant was discharged through the Bankruptcy.

26. Further, while the automatic stay was in effect during the Bankruptcy, it was illegal for any of the Defendants to report any post-Bankruptcy derogatory collection information.

27. Defendants' attempt to collect upon their respective Debt by reporting post-Bankruptcy derogatory information was therefore false or inaccurate and prohibited by the automatic stay or Discharge.

28. Plaintiff subsequently learned that each of the named Defendants reported post-Bankruptcy derogatory credit information regarding the obligations on Plaintiff's credit reports, thereby causing erroneous and negative credit information in Plaintiff's credit files.

**Arizona Federal Credit Union Misreported Credit Information**

29. In an Experian credit report dated July 15, 2015, AFCU reported the following inaccurate, derogatory information:

    - Account No. 3033XXXX: Post-bankruptcy information for the following dates: November 2012 (Charge Off).

30. AFCU should not have reported derogatory information on Plaintiff's account after August 17, 2012, because Plaintiff filed for Bankruptcy on August 17, 2012.

31. On or about July 29, 2015, Plaintiff disputed AFCU's reported information regarding the Debt pursuant to 15 U.S.C. § 1681I(a)(2) by notifying Experian, in writing, of the incorrect and inaccurate credit information furnished by AFCU.

32. Specifically, Plaintiff sent a letter, certified, return receipt, to Experian (the "Experian Dispute Letter"), requesting the above inaccurate and incorrect derogatory information be removed as follows:

    - Account #3033XXXX: This account was discharged in my Bankruptcy which was filed on 08/17/2012 and discharged 01/10/2013, bearing Case No. 2:12-bk-18542-SSC in the District for Arizona. There should be no derogatory reporting after the filing date. Specifically, please remove the derogatory information for the following post-bankruptcy dates: November 2012 (Charge Off).

33. The Experian Dispute Letter further requested that Experian:

   - Immediately delete this account and the disputed derogatory information from my credit report.
   - The discharged debt should be reported with an account balance of $0 with a status of "current".
   - Further, there should be no post-bankruptcy activity reported on this account. The date of last activity on this account should pre-date my bankruptcy filing date, 08/17/2012, since a default on this account occurred no later than the Bankruptcy filing date.

   - Any post-bankruptcy derogatory information should be immediately deleted from [Plaintiff's] report.
   - If [Experian] do[es] not immediately delete this from [Plaintiff's] credit report, please include a 100-word statement in my credit report of all of the disputed information contained in this letter regarding this account.

34. Upon information and belief, Experian timely notified AFCU of Plaintiff's dispute, but AFCU continued reporting derogatory information.
35. AFCU and Experian were required to conduct a reinvestigation into this specific account on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i.
36. On or about August 11, 2015, Plaintiff received notification from Experian that AFCU and Experian received notice of Plaintiff's dispute pursuant to 15 U.SC. § 1681i(a)(6), and Defendants verified the account had been updated.
37. Surprisingly, rather than remove all the derogatory information from Plaintiff's report, AFCU and Experian simply left derogatory information on

**COMPLAINT** 6

Plaintiff's report. Specifically, AFCU and Experian reported the following inaccurate, derogatory information:

- Account No. 3033XXXX: Post-bankruptcy information for the following dates: November 2012 (Charge Off).

38. AFCU and Experian, upon receipt of Plaintiff's dispute, failed to conduct an investigation with respect to the disputed information as required by 15 U.SC. § 1681s-2(b)(1)(A).

39. AFCU and Experian failed to review all relevant information provided by Plaintiff in the dispute to Experian, as required by and in violation of 15 U.SC. § 1681s-2(b)(1)(B).

40. Due to AFCU and Experian's failure to investigate, they each further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C).

41. Plaintiff's continued efforts to correct AFCU and Experian's erroneous and negative reporting of the Debt by communicating Plaintiff's dispute with AFCU and Experian were fruitless.

42. AFCU and Experian's continued inaccurate and negative reporting of the Debt in light of its knowledge of the actual error was willful.

43. AFCU and Experian's inaccurate and negative reporting damaged Plaintiff's creditworthiness.

44. By inaccurately reporting account information relating to the Debt after notice and confirmation of its errors, AFCU and Experian failed to take the appropriate measures as determined in 15 U.S.C. §§ 1681-s(2)(b)(1)(D) and (E).

///

///

**Citibank, N.A. Misreported Credit Information**

45. In an Experian credit report dated July 15, 2015, CBNA reported the following inaccurate, derogatory information:

- Account #504994852605….: Post-bankruptcy information for the following dates: September 2012-December 2012 (Account 90 days past due).

46. CBNA should not have reported derogatory information on Plaintiff's account after August 17, 2012, because Plaintiff filed for Bankruptcy on August 17, 2012.

47. On or about July 29, 2015, Plaintiff disputed CBNA's reported information regarding the Debt pursuant to 15 U.S.C. § 1681I(a)(2) by notifying Experian, in writing, of the incorrect and inaccurate credit information furnished by CBNA.

48. Specifically, Plaintiff sent a letter, certified, return receipt, to Experian (the "Experian Dispute Letter"), requesting the above inaccurate and incorrect derogatory information be removed as follows:

- This account was discharged in my Bankruptcy which was filed on 08/17/2012 and discharged 01/10/2013, bearing Case No. 2:12-bk-18542-SSC in the District for Arizona. There should be no derogatory reporting after the filing date. Specifically, please remove the derogatory information for the following post-bankruptcy dates: September 2012-December 2012 (Account 90 days past due).

49. The Experian Dispute Letter further requested that Experian:

- Immediately delete this account and the disputed derogatory information from [Plaintiff's] credit report.
- The discharged debt should be reported with an account balance of $0 with a status of "current".
- Further, there should be no post-bankruptcy activity reported on this account. The date of last activity on this account should pre-date my bankruptcy filing date, 08/17/2012, since a default on this account occurred no later than the Bankruptcy filing date.
- Any post-bankruptcy derogatory information should be immediately deleted from [Plaintiff's] report.
- If [Experian] do[es] not immediately delete this from [Plaintiff's] credit report, please include a 100-word statement in my credit report of all of the disputed information contained in this letter regarding this account.

50. Upon information and belief, Experian timely notified CBNA of Plaintiff's dispute, but CBNA continued reporting derogatory information.

51. CBNA and Experian were required to conduct a reinvestigation into this specific account on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i.

52. On or about August 11, 2015, Plaintiff received notification from Experian that CBNA and Experian received notice of Plaintiff's dispute pursuant to 15 U.SC. § 1681i(a)(6), and Defendants verified the account had been updated.

53. Surprisingly, rather than remove all the derogatory information from Plaintiff's report, CBNA and Experian simply left derogatory information on Plaintiff's report. Specifically, CBNA and Experian reported the following inaccurate, derogatory information:

- Account #708019682XXXX: Post-bankruptcy information for the following dates: September 2012-December 2012 (Account 90 days past due).

54. CBNA and Experian, upon receipt of Plaintiff's dispute, failed to conduct an investigation with respect to the disputed information as required by 15 U.S.C. § 1681s-2(b)(1)(A).

55. CBNA and Experian failed to review all relevant information provided by Plaintiff in the dispute to Experian, as required by and in violation of 15 U.S.C. § 1681s-2(b)(1)(B).

56. Due to CBNA and Experian's failure to investigate, they each further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C).

57. Plaintiff's continued efforts to correct CBNA and Experian's erroneous and negative reporting of the Debt by communicating Plaintiff's dispute with CBNA and Experian were fruitless.

58. CBNA and Experian's continued inaccurate and negative reporting of the Debt in light of its knowledge of the actual error was willful.

59. CBNA and Experian's inaccurate and negative reporting damaged Plaintiff's creditworthiness.

60. By inaccurately reporting account information relating to the Debt after notice and confirmation of its errors, CBNA and Experian failed to take the appropriate measures as determined in 15 U.S.C. §§ 1681-s(2)(b)(1)(D) and (E).

### Synchrony Bank Misreported Credit Information

61. In an Experian credit report dated July 15, 2015, Synchrony reported the following inaccurate, derogatory information:

- Account #601919360029….: Post-bankruptcy information for the following dates: October 2012 (Account 180 days past due); November 2012-December 2012 (Charge Off);  In the "Account History" section, the account is listed as: 180 days past due as of Oct 2012; 150 days past due as of Oct 2012; 120 days past due as of Sep 2012.

- Account #600889227046….: October 2012-December 2012 (Charge Off); In the "Account History" section account is listed as:120 days past due as of Oct 2012; 90 days past due as of Sep 2012.

- Account #771411041297….: October 2012 (Account 150 days past due); November 2012-December 2012 (Charge Off); In the "Account History" section account is listed as: 150 days past due as of Oct 2012; 120 days past due as of Oct 2012; 90 days past due as of Sep 2012.

62. Synchrony should not have reported derogatory information on Plaintiff's account after August 17, 2012, because Plaintiff filed for Bankruptcy on August 17, 2012.

63. On or about July 29, 2015, Plaintiff disputed Synchrony's reported information regarding the Debt pursuant to 15 U.S.C. § 1681I(a)(2) by notifying Experian, in writing, of the incorrect and inaccurate credit information furnished by Synchrony.

64. Specifically, Plaintiff sent a letter, certified, return receipt, to Experian (the "Experian Dispute Letter"), requesting the above inaccurate and incorrect derogatory information be removed as follows:

- Account #601919360029….: This This account was discharged in my Bankruptcy which was filed on 08/17/2012 and

discharged 01/10/2013, bearing Case No. 2:12-bk-18542-SSC in the District for Arizona. There should be no derogatory reporting after the filing date. Specifically, please remove the derogatory information for the following post-bankruptcy dates: October 2012 (Account 180 days past due); November 2012-December 2012 (Charge Off); In the "Account History" section, the account is listed as:
- o 180 days past due as of Oct 2012
- o 150 days past due as of Oct 2012
- o 120 days past due as of Sep 2012
- o These are all inaccurate statements as to this account.

- Account #600889227046….: This account was discharged in my Bankruptcy which was filed on 08/17/2012 and discharged 01/10/2013, bearing Case No. 2:12-bk-18542-SSC in the District for Arizona. There should be no derogatory reporting after the filing date. Specifically, please remove the derogatory information for the following post- bankruptcy dates: October 2012-December 2012 (Charge Off); In the "Account History" section account is listed as:
  - o 120 days past due as of Oct 2012
  - o 90 days past due as of Sep 2012
  - o These are inaccurate statements as to this account.

- Account #771411041297….: This account was discharged in my Bankruptcy which was filed on 08/17/2012 and discharged 01/10/2013, bearing Case No. 2:12-bk-18542-SSC in the District for Arizona. There should be no derogatory reporting after the filing date. Specifically, please remove the derogatory

information for the following post-bankruptcy dates: October 2012 (Account 150 days past due); November 2012-December 2012 (Charge Off); In the "Account History" section account is listed as:

- 150 days past due as of Oct 2012
- 120 days past due as of Oct 2012
- 90 days past due as of Sep 2012
- These are all inaccurate statements as to this account.

65. The Experian Dispute Letter further requested that Experian:

- Immediately delete this account and the disputed derogatory information from [Plaintiff's] credit report.
- The discharged debt should be reported with an account balance of $0 with a status of "current".
- Further, there should be no post-bankruptcy activity reported on this account. The date of last activity on this account should pre-date my bankruptcy filing date, 08/17/2012, since a default on this account occurred no later than the Bankruptcy filing date.
- Any post-bankruptcy derogatory information should be immediately deleted from [Plaintiff's] report.
- If [Experian] do[es] not immediately delete this from [Plaintiff's] credit report, please include a 100-word statement in my credit report of all of the disputed information contained in this letter regarding this account.

66. Upon information and belief, Experian timely notified Synchrony of Plaintiff's dispute, but Synchrony continued reporting derogatory information.

67. Synchrony and Experian were required to conduct a reinvestigation into this specific account on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i.

68. On or about August 11, 2015, Plaintiff received notification from Experian that Synchrony and Experian received notice of Plaintiff's dispute pursuant to 15 U.SC. § 1681i(a)(6), and Defendants verified the three accounts had been updated.

69. Surprisingly, rather than remove all the derogatory information from Plaintiff's report, Synchrony and Experian simply left derogatory information on Plaintiff's report.  Specifically, Synchrony and Experian reported the following inaccurate, derogatory information:

- Account #601919360029….:  Post-bankruptcy information for the following dates: October 2012 (Account 180 days past due); November 2012-December 2012 (Charge Off).
- Account #600889227046….: Post-bankruptcy information for the following dates: October 2012-December 2012 (Charge Off).
- Account #771411041297….: Post-bankruptcy information for the following dates: October 2012 (Account 150 days past due); November 2012-December 2012 (Charge Off).

70. Synchrony and Experian, upon receipt of Plaintiff's dispute, failed to conduct an investigation with respect to the disputed information as required by 15 U.S.C. § 1681s-2(b)(1)(A).

71. Synchrony and Experian failed to review all relevant information provided by Plaintiff in the dispute to Experian, as required by and in violation of 15 U.S.C. § 1681s-2(b)(1)(B).

72. Due to Synchrony and Experian's failure to investigate, they each further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C).
73. Plaintiff's continued efforts to correct Synchrony and Experian's erroneous and negative reporting of the Debt by communicating Plaintiff's dispute with Synchrony and Experian were fruitless.
74. Synchrony and Experian's continued inaccurate and negative reporting of the Debt in light of its knowledge of the actual error was willful.
75. Synchrony and Experian's inaccurate and negative reporting damaged Plaintiff's creditworthiness.
76. By inaccurately reporting account information relating to the Debt after notice and confirmation of its errors, Synchrony and Experian failed to take the appropriate measures as determined in 15 U.S.C. §§ 1681-s(2)(b)(1)(D) and (E).

**FIRST CAUSE OF ACTION**
**VIOLATION OF THE FAIR CREDIT REPORTING ACT**
**15 U.S.C. § 1681 *ET SEQ*. (FCRA)**

77. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.
78. The foregoing acts and omissions constitute numerous and multiple willful, reckless or negligent violations of the FCRA, including but not limited to each and every one of the above-cited provisions of the FCRA, 15 U.S.C § 1681.
79. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(1); statutory damages pursuant to 15 U.S.C. § 1681n(a)(1);

punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from Defendants.

80. As a result of each and every negligent noncompliance of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2) from Defendants.

## PRAYER FOR RELIEF

Plaintiff respectfully requests the Court grant Plaintiff the following relief against Defendants:

## FIRST CAUSE OF ACTION
## VIOLATION OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681 ET SEQ. (FCRA)

- an award of actual damages pursuant to 15 U.S.C. § 1681n(a)(1);
- award of statutory damages pursuant to 15 U.S.C. § 1681n(a)(1);
- an award of punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2);
- award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3), and 15 U.S.C. § 1681(o)(a)(1) against Defendants for each incident of negligent noncompliance of the FCRA; and
- any other relief the Court may deem just and proper.

///
///
///
///
///

## TRIAL BY JURY

81. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: September 16, 2015  Respectfully submitted,

BY: /S/ RYAN L. MCBRIDE
RYAN L. MCBRIDE, ESQ.
ATTORNEY FOR PLAINTIFF